STATE OF MICHIGAN
CIRCUIT COURT FOR THE 17th JUDICIAL CIRCUIT
KENT COUNTY

The People of the State of Michigan,
Plaintiff,

v.

James Osakwe White,
Defendant

Case No. 24-05601-FH-CA

Hon. Scott A. Noto

1:24-cv-1164
Robert J. Jonker
U.S. District Judge

FILED - GR
November 4, 2024 12:59 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB 11/5

Attorney for Plaintiff
CHRISTOPHER R. BECKER (P53752)
Kent County Prosecuting Attorney
82 Ionia Ave. N.W., Ste. 450
Grand Rapids, MI. 49503
(616) 632-6710

Attorney for Defendant
MICHAEL BLUMENO, PLC
P.O. Box 6203
Grand Rapids, MI. 49516
(269) 584-0741

---

Defendant herein respectfully petition this Honorable Court, pursuant to Title 28, United States Code, §1443 for removal of the above-captioned proceeding to this Court from the Court of the 17th Judicial Circuit of Kent County, and in support of this Petition show as follows:

1. Proceedings are now pending and awaiting trial in the 17th Circuit Judicial Court. (File No. 24-05601-FH), and are criminal proceedings in which the Petitioner is the Defendant.

2. Petitioner is charged in these criminal proceedings with the commission of the alleged offenses of Count 1: Controlled Substance - Delivery/Manufacture

1

Methamphetamine, Count 2: Controlled Substance - Possession / Analogues, and Count 3: Police Officer - Assault / Resisting / Obstructing in the City of Grand Rapids, in violation of the following MCL 333.7401(2)(b)(i), MCL 333.7403(2)(b)(ii), and MCL 750.81d(1), in that he allegedly violated,

3. Petitioner, is a resident of the State of Michigan and is African American. Who, with his fellow American citizens is guaranteed the rights, privileges, and immunities guaranteed to them under the United States Constitution. "Unquestionably the petitioner was entitled to the protection of the 4th Amendment as he walked down the street" Terry v. Ohio, 392 U.S. 1 98 S.Ct. 1968; in Grand Rapids, Michigan.

4. On May 10, 2024 in Grand Rapids at 8:40 p.m. walking down Travis St. N.E., Petitioner was accosted by officers of the Grand Rapids Police Department at GUNPOINT with no grounded or specific reasonable suspicion to stop Petitioner.

5. Petitioner was immediately placed under arrest for two local ordinances of Fail to Obey Lawful Command of a Peace Officer 9.135(2), and Fail or refuse to identify 9.135(3). Neither of which are crimes or statutory offenses in Michigan. "Failing to provide identification upon request by a police officer is not itself a crime or statutory offense in Michigan". People v. Murawski, N.W. 3d. 2023 WL 7097124.

C. During the search incident to arrest. Of this false arrest the evidence for case no. 29-05601-FH was illegally seized. "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff. U.S. Const. Amend. 4." Williams v. City of Grand Rapids, 672 F. Supp. 3d. 395 (2023) U.S. Dist. Court W.D. Michigan.

On May 11, 2024 officer Stoddard of the Grand Rapids Police Department submitted to the City Attorney's office a fraudulent misrepresentation of a State of Michigan Uniform Law Citation for Local Ordinances violating the Petitioner's constitutional rights. Under the penalty of perjury.

"Malice", as element of malicious prosecution claim under Michigan Law, requires evidence that officer knowingly swore to false facts without which there is no probable cause a standard that is more demanding than establishing mere recklessness. Newman v. Township of Hamburg, 773 F. 3d. 769 (2014) WL 7003773 (Sixth Circuit Court of Appeals).

See Moreno, 814 N.W. 2d. at 628, People v. Murawski, No. 365852 -- Mich. App. ---, --- N.W. 3d. ---, ---, 2023 WL 7097124, at *8 (Mich. Ct. App. Oct. 26, 2023) (reaffirming Moreno's requirement that the underlying arrest be lawful to sustain a charge resisting arrest). "King v. City of Rockford, Michigan, 97 4th (2024).

3

In both criminal matters in the 61st District Court for the misdemeanor charges arising from an arrest for unconstitutional Grand Rapids city ordinances and in the 17th Circuit Judicial Court for three felony charges, which one being an inditment for the same misdemeanor inditment. Where all inditments are from the same subject matter. That being incident report 24-B29266. Officer Smith of the Grand Rapids Police Department report's, "James refused to give a statement" as the reason for Petitioner's false arrest for unconstitutional local ordinances.

"Constitutional protection against self-incrimination extends beyond criminal trials to protect person from compelled self-incrimination in all settings where freedom of action is curtailed in any significant way." People v. Jones, 506 N.W. 2d. 542, 201 Mich. App. 449 (1993).

7. Petitioner is presently falsely imprisoned with a $5,000.00 cash surity bond. Case No. 24-05601-FH 17th Circuit Judicial Court.

"Under Michigan law false imprisonment requires that restraint occurred without probable cause to support it." Williams v. City of Grand Rapids, 672 F. Supp. 3d. 395 (2023) United States Dist. Court. W.D. Michigan.

This false imprisonment and malicious prosecution in the 17th Circuit Judicial Court is still being maintained. Despite the 61st District Court for the City of Grand Rapids, "nolle prosquing" the two unconstitutional local ordinances misdemeanors. In which the Honorable Judge Kellen Dotson

of the 61st District Court ordered September 20, 2024. Being the Petitioner was falsely arrested by Grand Rapids Police Department officers. For offenses that are not "crimes or statutory offenses in Michigan". In which case no. 24-05601-FH derives from the same subject matter, incident report number 24-029266.

"Trial court may enter nolle prosequi on its own initiative and without consent of prosecutor only where court finds that either prosecuting attorney or examining magistrate has under circumstances abused discretion." People v. Nelson, 238 N.W. 2d. 201, 66 Mich. App. 66 (1975)

8. The cases of Count 1: Controlled Substance-Delivery/Manufacture Methamphetamine; Count 2: Controlled Substance-Possession/Analogues; and Count 3: Police Officer-Assault/Resisting/Obstructing against Petitioner, growing out of Petitioner's false arrest on May 10, 2024, are presently pending in the 17th Circuit Judicial Court for Kent County, Michigan and are set for trial in that Court, with "NO" date set for trial. In which the Petitioner has been falsely imprisoned since May 10, 2024, six months. Which is the time frame by statute and court rule in Michigan for the Petitioner's constitutional right for a speedy trial.

"Sec 1. The people of this state and persons charged with crime are entitled to and shall have a speedy trial and determination of all prosecutions and it is hereby made the duty of all public officers having duties to perform in any criminal case, to bring such case to a final determination without delay except as may be necessary to secure to the accused a fair and impartial

5

trial. M.C.L.A. 768.1.

"The defendant and the people are entitled to a speedy trial and to a speedy resolution of all matters before the court. Whenever the defendant constitutional right to a speedy trial is violated, the defendant is entitled to dismissal of the charge with prejudice." MI. Rules MCR 6.004

9. Petitioner seeks removal of the pending state criminal proceeding to this Court pursuant to the Civil Rights Removal Statute, 28 U.S.C.A. § 1443(2), on the ground that the false arrest and malicious prosecution of the Petitioner has been and is being carried on with the sole purpose and effect of harassing Petitioner and of punishing him for, and deterring him from exposing the City of Grand Rapids unconstitutional city ordinance. In which the Grand Rapids Police Department enforces to unconstitutionally illegally search citizens, and illegally seize evidence. Also to deter Petitioner from exposing Kent County's existing custom and tolerance of federal rights violations for prosecuting its citizens with the charge of Police Officer - Assault/Resisting/Obstructing without a lawful underlying arrest.

"reaffirming Moreno's requirement that the underlying arrest be lawful to sustain a charge of resisting" King v. City of Rockford, Michigan, 97 F.4th 379 (2024).

"Plaintiff is presently detained and awaiting trial at the Kent County Correctional Facility (KCCF) on charge of assaulting/resisting/obstructing a police officer causing injury, Mich. Comp. Law § 750.81(2). White v. City

6

of Grand Rapids, (2019) WL 6980140 W.D. Mich. Dec. 19, 2019.

"According to Plaintiff's motion to extend time to move to reopen the case dated February 13, 2020, the Kent County Circuit Court dismissed the criminal case against Plaintiff on February 10, 2020" White v. City of Grand Rapids (2020) WL 13750042, Which the State of Michigan now maintains by legislative enactments, executive functions, acts of the judiciary and custom.

10. Petitioner also seeks removal of the pending state criminal proceedings to this Court on the ground that he has been denied, is being denied, and cannot enforce in the Courts of the State of Michigan and particularly in the 17th Circuit Court for the County of Kent where he will be tried, rights guaranteed and secured to Petitioner under the federal Constitution and laws providing for the equal rights of all citizens of the United States, here the Petitioner's Fourth, Fifth, Sixth, and Fourteenth United States Constitutional Amendment rights are being violated, in that:

(a). The Petitioner is facing a successive indictment for the same falsely alleged crime.
(b). Petitioner has not been arraigned in the 17th Circuit Judicial Court, nor did Petitioner waive his circuit court arraignment.
(c). Petitioner has not been served a felony complaint by the 17th Circuit Judicial Court, informing him of the accusations he must defend. Here Petitioner's case should have been dismissed due to the expiration of the

7

court's summon, MCR 2.102(E)(1).

(d). Petitioner has been denied by the 17th Circuit Court Clerk copies of Petitioner's transcripts and register of actions. Despite requesting by correspondence several times.

(e). Petitioner was denied a status conference, in where on September 10, 2024, Petioner was transported to the Kent County Court House, but was placed in a holding cell. Where Petitioner was never allowed into the courtroom to address the court.

(f). Petitioner has motioned the 17th Circuit Judicial Court eight times. Requesting dismissals, evidentiary hearing, immediate consideration, and alternative method of service. In which Judge Scott A. Noto refused to rule on any of the pleadings. Where he had unconstitional ex parte communication directly with Petitioner through three separate letters falsely claiming that Petitioner filed motions with his office instead of properly filing with the court clerk's office. Where Judge Scott A. Noto stated, "If you wish to make these request, you will need to file a motion that complies with the Michigan Court Rules. Please note, "motions" sent directly to my office do not comply with the Michigan Court Rules. I would encouge you to speak with your attorney about your case. The Court has advised you about the proper procedure for filing motions previously and therefore will no longer reply to these letters."

(g). No attorney of record has effectively defended the Petitioner. Being they haven't had any contact of filed a motion on the Petrtioners behalf. After filing a grievance with the Attorney Grievance Commission on Kent County Office of Defender attorney Marissa E. Barkema.

8

At the motion hearing for her withdrawal from counsel, held August 9, 2024, Petitioner orally motioned the 17th Circuit Judicial Court, for a dismissal. Where after Petitioner concluded his motion. Judge Scott A. Noto slammed his gavel, closing the session of court. Thus refusing to rule on the merits of Petitioner's motion. Having Petitioner forcefully removed from the courtroom.

11. The 17th Circuit Judicial Court, Judge Scott A. Noto, Kent County Prosecutor Christopher R. Becker, Kent County Office of Defender attorney Marissa E. Barkema, and attorney Michael Blumeno are in violation of the following federal statutes, or conduct was in direct corrilation to the following case law, which states as follows:

(a). The "fruit of the poisonous tree" doctrine states that evidence located by the police as result of information or leads from illegally seized evidence is inadmissable in a criminal prosecution. 181 Am. Jur. Trials 1 §17 Derivative evidence - Fruit of the poisonous tree.

(b). The motion to quash, set aside, or dismiss an indictment must be based on a deformity in the findings, indorsement or presentation of the indictment. On other occasions being that the evidence presented to the grand jury was illegal or insufficient. The attorney should therefore always investigate the availability of the motion. However, if the evidence before the grand jury is indisputably false, or if its falsety is conceded by prosecutor, the court will dismiss the indictment. The defense attorney should be familiar with the

9

history of a case since successive indictment for the same crime may be ground for quashing prior indictments. This motion will also be where a defendant has not been brought to trial in the period prescribed by statute and no good cause is shown for the delay. 5 Am. Jur. Trials 27 § 13 Motion to quash, set aside, or dismiss.

(c). Under the Declaratory Judgment Act (DJA) creating a remedy under with any court upon the filing of an appropiate pleading may declare the rights and other legal relations of any interested party seeking such declaration, the term "pleading" is exclusive to motion. 28 U.S.C.A § 2201(d) Fed. Civ. P. 7(a) Securities and Exchange Commission v. Novinger, 96 F. 4th 779 (2024) Court of Appeals Fifth Circuit.

Here Petitioner is well informed to appropiately file all pleadings with the 17th Circuit Judicial Court Clerk's office, and knew not to mail motions addressed to Judge Scott A. Noto's office, (SEE Petitioners affidavit in support of Petition). Thus demonstrating as too the Petitioner's false arrest, false imprisonment, and malicous prosecution Judge Noto is guilty of Aiding-and-Abbetting. Aiding-and-Abbetting Liability is defined as such:

(1972) Civil or more typically criminal liability imposed on one who assist in or facilitates the commission of an act that results in harm or loss, or who otherwise promotes the act's accomplishments." Black Law Dictionary (12th ed. 2024)

10

We review with care all dismissals on the pleadings and [d]ismissals of complaints under civil rights statutes are scrutinized with special care." Jones v. Duncan, 840 F.2d. 359, 361 (6th Cir. 1989) (quoting Dunn v. Tennessee, 697 F.2d. 121 6th Cir. 1982)

Here the district court erred is dismissing Moore's § 1983 claims against the individual officers. The caption on Moore's complaint list only the officers names, not their official titles. The complaint refers to officers thoughout as the "individual defendants". Paragraph Eleven of the complaint states. " The said officers, acting for themselves and for the City, "behaved" with malice... and violated the plaintiff's civil rights. (emphasis added). Finally, Moore sought compensatory and punitive damages against each of the defendants. Taken as a whole, the complaint thus provided sufficient notice to the officers that they were being sued as individuals.

Even assuming the complaint itself failed to provide sufficient notice. Moore's responce to the officers motion to dismiss clarified any remaining ambiguity. "The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996." Subsequent filings in a case may rectify deficiencies in the initial pleadings. See Abdar-Rahman, 65 F.3d, at 491 Pelfrey, 43 F.3d. at 1038. Abdar-Rahman reversed the dismissal of a plaintiff's §1983 claims, because the plaintiff's responce to the

11

defendant's motion for summary judgment provided sufficient notice that suit had been brought against them in their individual capacities. Moore v. City of Harriman, 272 F. 3d. 769 (2001) United States Court of Appeals Sixth Circuit.

So following the Sixth Circuit Court of Appeal's reasoning in the court's ruling held in Moore v. City of Harriman, 272 F. 3d. 769 (2001) United States Court of Appeals Sixth Circuit. Even though Petitioner properly filed all motions with the 17th Circuit Judicial Court Clerk's Office, Judge Scott A. Noto violated Petitioner's civil rights because Petitioner's subsequent filings rectified the Petitioner's deficiencies. Here Petitioner motioned the 17th Circuit Judicial Court several times. Citing that the offenses Petitioner was placed under arrest for were not crimes or statutory offenses in Michigan. In which officers of the Grand Rapids Police Department used to violate Petitioner's Fourth Amendment Rights. Showing Judge Noto Aided-and-Abbetted with malice in the violation of the Petitioner's Fourteenth Amendment Right. Putting Judge Noto in violation of the Declaratory Judgment Act.

12. Petitioner further seeks removal of the state criminal proceedings to this Court, on the ground that the 17th Circuit Judicial Court, Judge Scott A. Noto, Kent County Prosecuting Attorney Christopher R. Becker, Kent County Office of Defender attorney Marissa E. Backema, and attorney Michael Blumeno conduct was engaged in by them under color of authority derived from the federal Constitution and laws providing for equal rights of American citizens without regard to race, creed, or color, and the state

12

Court prosecution of Petitioner results from Petitioner's refusal to desist or forego such conduct on the ground that to do so would be inconsistent with the federal Constitution and laws (42 U.S.C.A. §§ 1981 et. seq.) In the following particulars, among others:

(a). The acts for which Petitioner is being held to answer as a criminal offense or offense are, insofar as the offenses charged have any basis in fact, acts done in the constitutionally protected exercise of Petitioner's right to be free of the discrimination prohibited by the Fourteenth Amendment to the United States Constitution and 42 U.S.C.A. §§ 1981 et seq.;

(b). Insofar as the offenses charged against Petitioner are based on allegations of conduct not protected by the federal Constitution and laws cited, those allegations are groundless in fact and the subjection of Petitioner to such prosecution denies Petitioner due process of law.

(c). Petition for removal and evidence offered in support thereof adequately reflected that petitioner suffered a denial of equal rights by enforcement of ordinance under which they had been arrested and were being prosecuted. In re Wright M.D. Ala. 1965, 251 F.Supp. 880

13. Petitioner alleges upon information and belief, that a monetary charge is made by the City and County officials for certified or other copies of process, pleadings and orders

13

in Petitioner's cases, and Petitioner affirms pursuant to 28 U.S.C.A. § 1915, that he cannot, because of his poverty pay or give security for the payment of fees, cost and/or charges and still be able to provide himself with the necessities of life. Accordingly, Petitioner is unable to attach to this Petition copies of any process, pleadings, or orders which may have been issued in their state court proceedings.

14. No bond with good and sufficient surety is required to be filed herewith since the cases pending against the Petitioner for violation of MCL 333.7401(2)(b)(i), MCL 333.7403(2)(b)(ii), and MCL 750.81d(1), are criminal in nature.

WHEREFORE, Petitioner prays:

1. That Petitioner be authorized to proceed in forma pauperies in this Court, as provided by 28 U.S.C.A. § 1915.

2. That this Petition for Removal be filed.

3. That jurisdiction be retained by this Court under 28 U.S.C.A. § 1443, and a trial by jury had in this Court, and

4. That this Court accord such further relief as is necessary and justified under the circumstances.

5. That Judge Scott A. Noto, for the 17th Circuit Judicial Court of Kent County, Michigan, Christopher R. Becker, the Kent County Prosecuting Attorney of Kent County, Michigan, and all persons acting under or in concert or participation with them

14

be ~~enjoined from taking any proceedings further~~ to prosecute Petitioner in this matter in the 17th Circuit Judicial Court for Kent County or any other court of the State of Michigan, and from taking or attempting to take Petitioner into custody in connection with any such prosecution, and

6. That the Court grant Petitioner such other relief as may appear just and reasonable for the protection of Petitioner's rights herein.

Date: November 1, 2024

Respectfully submitted,

James O. White

James Osakwe White
In Pro Per Petitioner

Shane K Cole
Notary Public - State of Michigan
County of Ottawa
My Commission Expires
June 3, 2030

Shane K Cole
11·1·24

15

James Osakue White
% Kent County Correctional Facility
703 Ball N.E.
Grand Rapids, MI. 49503

This mail originates from the Kent County Correctional Facility

U.S. Dis
Gerald
110 M
Gran



t. Court W.D. Michigan Clerk's Office
R. Ford Federal Building
Michigan St. N.W.
Rapids, MI. 49503